IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 13-cv-02684-RM-MEH

FOUR WINDS INTERACTIVE LLC, a Colorado limited liability company,

     Plaintiff,

v.

ACTIVISION TV, INC., a Delaware corporation,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

     Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Four Winds Interactive LLC and Defendant Activision TV, Inc. hereby stipulate and agree, subject to the approval of the court, that the following Stipulated Protective Order (the "Order") shall govern the handling of discovery material, which shall consist of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation").

**A.**     **Definitions**

     1.     "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

     2.     "Material": all information, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.     "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.     "HIGHLY CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

5.     "Producing Party": a Party or non-party that produces Material in this action.

6.      "Receiving Party": a Party that receives Material from a Producing Party.

7.      "Designated Material": Material that is designated either CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order.

8.      "Designating Party": a Party or non-party that designates information, documents or things that it produces in disclosures or in responses to discovery as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

9.      "Counsel of Record": (i) counsel who appears on the pleadings as counsel for a Party, and (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

10.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

11.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium;

etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.**     **Scope**

12.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Colorado Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Colorado Rules of Civil Procedure and any deadlines provided in any Scheduling Order or other Order of the Court.

**C.**     **Access to "Designated Material"**

13.     **CONFIDENTIAL Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)     employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto;

(b)      persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)      Counsel of Record;

(d)      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed both the "Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(e)      witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(f)      the Court and its personnel;

(g)      any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed both the "Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(h)      court reporters; and

(i)      Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto.

14.      **HIGHLY CONFIDENTIAL Material**:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "HIGHLY CONFIDENTIAL" Material

only to the following persons in addition to those identified in Paragraph 21 below regarding use of Designated Material at depositions:

(a)     persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)     Counsel of Record;

(c)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed both the "Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(d)     the Court and its personnel;

(e)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed both the "Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(f)     court reporters; and

(g)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto.

15.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto and, if applicable, the "Certification Of Consultant" attached hereto, shall do so, prior to the time such Designated Material is disclosed to him or her.  Counsel for a party who

makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

16.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material.  Any Party intending to disclose or discuss Designated Material at pre-trial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

**D.**     **Access to "Designated Material" by Outside Consultants**

17.     **Notice**.

If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; and (f) signed copies of both the "Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto.  The notice and associated documents shall be provided either as attachments to electronic mail or by overnight delivery.

18.     **Objections**.

(a)     The Designating Party shall have seven (7) calendar days from receipt of the notice specified in Paragraph 17 to object in writing to such disclosure.  Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 7-day period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order.  However, if the Designating Party objects within the 7-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.

(b)     In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may within fourteen (14) calendar days following its objection file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief.  If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing both the "Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto). If the Objecting party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting party, whichever occurs first.

**E.**     Use of "Designated Material"

19.     **Use of Designated Material By Receiving Party**.  Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way.  Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

20.     **Use of Designated Material at Depositions**.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge.

**F.**     Procedure for Designation of "Designated Material"

21.     Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 3 above, and a Designating Party may designate as "HIGHLY CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 4 above.

22.     Any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL" information and shall be subject to this Order.  Thereafter, the Producing Party shall

have fourteen (14) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information prior to furnishing copies to the Receiving Party.

23.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section F, "Procedure for Designating Materials," before the material is disclosed or produced.

24.     Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Designated Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify, by specific page/line range, any portions of the testimony that it wishes to designate as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by informing the reporter and opposing party in writing, within twenty-eight (28) calendar days of date of the taking of the deposition, of the designations to be applied.  All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the twenty-eight (28) day period has expired.  Transcript

pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as instructed by the Designating Party.

(c)      For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

**G.      No Waiver of Privilege**

25.      Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within seven (7) calendar days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party with the factual basis for the assertion of privilege or immunity.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s), and shall not use any inadvertently produced material or information for any purpose unless and until the asserted privileges or immunities have been successfully challenged or withdrawn.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity

or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**H.**   **Inadvertent Failure To Designate**

26.     An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The Producing Party shall provide substitute copies of documents bearing the appropriate confidentiality designation

**I.**   **Filing of "Designated Material"**

27.     Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in any public record any Designated Material.  Any filing of any such Designated Material in the United States District Court for the District of Colorado shall be as Restricted Documents at Level 1 Restriction pursuant to the requirements of D.C.COLO.LCivR 7.2. All such materials so filed shall be released from restricted access only pursuant to Court Order or the provisions of D.C.COLO.LCivR 7.2(e).  Any filing of Designated Material in any other civil litigation, arbitration, or administrative proceeding shall be

effected with access restricted at least at the same level of document security as provided by Level 1 Restriction in the District of Colorado.

**J.      Challenges to Designation of "Designated Material"**

28.    Counsel of Record for a Producing Party shall review the documents and/or other information to be disclosed and may designate documents or information it believes, in good faith, are either "CONFIDENTIAL Material" or "HIGHLY CONFIDENTIAL Material".  Nothing in this Order shall prevent a Receiving Party from contending at any time that any or all documents and/or information designated as "CONFIDENTIAL Material" or "HIGHLY CONFIDENTIAL Material' have been improperly designated.  A party may object to the designation of particular information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only by giving written notice by electronic mail or overnight delivery to the party designating the disputed information and to all other parties in the case.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within fourteen (14) days after the notice is received by the designating party, it shall be the obligation of the designating party to file an appropriate motion, within the (14) days after it receives said notice, requesting that the Court determine whether the disputed information has been properly designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  If such a motion is timely filed, the disputed information shall be treated as designated, either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed

information shall lose its designation as either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" and shall not thereafter be treated as either "CONFIDENTIAL

Information" or "HIGHLY CONFIDENTIAL Information" under the terms of this

Protective Order.  In connection with a motion filed under this provision, the party

designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall

bear the burden of establishing that good cause exists for the disputed information to be

treated as designated, either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

**K.**     **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

29.     If a Receiving Party is served with a subpoena or a court order that would

compel disclosure of any information, documents or things designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the Receiving Party must so notify the

Designating Party, in writing by electronic mail and United States mail, promptly and in

no event no more than seven (7) calendar days after receiving the subpoena or order.

Such notification must include a copy of the subpoena or order.  The Receiving Party

also must immediately inform in writing the party who caused the subpoena or order to

issue that some or all the material covered by the subpoena or order is the subject of

this Protective Order, and in addition the Receiving Party must deliver a copy of this

Protective Order promptly to the party in the other action that caused the subpoena or

order to issue.  The purpose of imposing these duties is to alert the interested parties to

the existence of this Protective Order and to afford the Designating Party in this case an

opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued.  The Designating Party shall bear the burdens and the

expenses of seeking protection in that court of its Designated Material.  Nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this

action to disobey a lawful directive from another court.

**L.** **Unauthorized Disclosure Of Designated Material**

30.     If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Designated Material to any person or in any circumstance not authorized

under this Order, the Receiving Party must immediately (a) notify in writing the

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the Designated Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such

person or persons to execute the "Acknowledgment and Agreement to Be Bound" that

is attached hereto.

**M.** **Non-Party Use of This Protective Order**

31.     A non-party producing information or material voluntarily or pursuant to a

subpoena or a court order may designate such material or information in the same

manner and shall receive the same level of protection under this Protective Order as

any party to this lawsuit.

32.     A non-party's use of this Protective Order to protect its "CONFIDENTIAL"

information or "HIGHLY CONFIDENTIAL" information does not entitle that non-party

access to "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information

produced by any party in this case.

**N.**     **Discovery from Outside Consultants**

33.     Testifying experts shall not be subject to discovery of any draft of his or her report in this case or other cases that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

34.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

35.     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

36.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

**O.**    **Duration**

37.    The confidentiality obligations and protections imposed by this Order shall remain in effect after the termination of this litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**P.**    **Final Disposition**

38.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty-three (63) calendar days after the final termination of this litigation, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 63-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section O, "Duration," above.

**Q.**    **Miscellaneous**

39.    Any notice requirement herein only may be waived, in whole or in part, by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

40.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.  The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

41.    This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

42.    The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this protective order.  All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Colorado.  Every individual who receives any Designated Material agrees to subject himself or herself to the

jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

Dated at Denver, Colorado, this 14th day of January, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 13-cv-02684-RM-MEH

FOUR WINDS INTERACTIVE LLC, a Colorado limited liability company,

      Plaintiff,

v.

ACTIVISION TV, INC., a Delaware corporation,

      Defendant.

---

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Four Winds Interactive LLC v. Activision TV, Inc.,* Case No. 1:13-cv-02684-RM-MEH, United States District Court, District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201__ at _____.

Printed or typed name: _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 13-cv-02684-RM-MEH

FOUR WINDS INTERACTIVE LLC, a Colorado limited liability company,

      Plaintiff,

v.

ACTIVISION TV, INC., a Delaware corporation,

      Defendant.

---

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name]

of _____,

am not an employee of the Party who retained me, or of a competitor of an opposing

Party.  If at any time after I execute this Certificate of Consultant and during the

pendency of the above-referenced action I become an employee of a competitor of an

opposing Party, I will promptly inform the counsel for the party who retained me in this

action, and I will not thereafter review any Designated Materials marked by the

opposing Party as "HIGHLY CONFIDENTIAL" unless and until the Parties agree or the

Court orders otherwise.  I state under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

Executed on _____, 201_ at _____.

Printed or typed name: _____

Signature: _____